JUDGE HERB ROSS (Recalled)

UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF ALASKA
605 West 4th Avenue, Room 138, Anchorage, AK 99501-2253 —  (Website: www.akb.uscourts.gov)
Clerk's Office:  907-271-2655 (1-800-859-8059 In-State) — Judge's Fax:  907-271-2692

| Case No. F11-00939-HAR | In Chapter 7 |
|---|---|
| In re DONALD A. TANGWALL, Debtor(s) | |
| DONALD A. TANGWALL, individually, Plaintiff(s) v. WILLIAM J. EDWARDS; LARRY DJERNES; JOEL MARKING; LANCE LUNDVALL; RON E. SIBLEY; JOHN LAPIERRE, all individually, jointly and severally; LARRY D. COMPTON, individually and as trustee; UNKNOWN OTHERS, individually, jointly and severally. Defendant(s) | Adv Proc No F15-90009-HAR **MEMORANDUM SUPPORTING FINAL ORDER DISMISSING FIRST AMENDED COMPLAINT WITH PREJUDICE** |

This memorandum is to explain why the court has dismissed Causes I and II and Counts IV and V of the first amended complaint (ECF No. 12) against the Montana defendants (and, possibly, in part against Larry Compton, too).  Plaintiff has failed to state a plausible claim with these four counts.

To state a plausible claim, a complaint must sufficiently set out the factual basis of the claim.[1]  Pleading legal conclusions does not satisfy this requirement.[2]  The court's reasoning for

---

[1] Ashcroft v, Iqbal, 556 U.S. 662, 678 (2009).

[2] Ashcroft v, Iqbal, at 678.

dismissing the original and first amend complaints has been set out in three previous memoranda and will not be repeated here[3].

The original and first amended complaints essentially allege: (a)Tangwall filed a pre-bankruptcy Montana state court action against officials of Roundup, Montana; (b) the state court judge declared Tangwall a vexatious litigant; (c) the state court judge issued a bench warrant with a significant bond amount to obtain a release, *but no details are given as to why the warrant was issued (was it for civil or criminal contempt)*; (d) Tangwall was arrested pre-bankruptcy at the Alaska border on his way back to Montana on the basis of the warrant; (e) the Montana judge was apprised of the bankruptcy, but reissued the warrant at the behest of the Montana defendants, who argued that the automatic stay did not apply.

Without more detail, the complaint does not state a plausible claim against the Montana defendants. For example, the complaint does not allege whether the warrant was based on a civil contempt or criminal contempt. In Montana the classification is critical since it determines the procedures a Montana district court must follow.[4] And, these two types of contempt are generally subject to differing rules under the bankruptcy code. A criminal contempt is subject to an exception to 11 U.S.C. §362(a). Under §362(b)(1) concerning the prosecution of a criminal proceeding. In its initial memorandum (the one dismissing the original complaint), the court stated additional reasons that more facts had to be pled to determine if the claim is plausible.[5]

---

[3]ECF Nos. 8, 10 and 13.

[4]<u>Huffine v Montana Sixth Judicial Dist. Court, Park County</u>, 945 P.2d 927, 929-30 (Mont. 1997).

[5]ECF No. 8, Sec. 4.2 and 4.3.

MEMORANDUM SUPPORTING FINAL
ORDER DISMISSING FIRST AMENDED
COMPLAINT WITH PREJUDICE                                                                    Page 2 of 3

Finally, in the Ninth Circuit even a civil contempt proceeding is not subject to the automatic stay.[6] This probably holds true with respect to the discharge injunction, 11 USC §524(a) as well.

Tangwall still has the option to appeal the final order of dismissal of the first amended complaint.

DATED: August 24, 2015

/s/ Herb Ross
HERB ROSS
U.S. Bankruptcy Judge

Serve :
– Stonewall Jason Crawford, Esq., attorney for plaintiff
– Courtesy copy to R. Allan Payne, Esq., Doney Crowley, PC, 44 West 6th Avenue, Suite 200, Helena MT 59601, for defendants in Case No. DV-11-08
– Courtesy copy to City of Roundup, PO Box 660, Roundup, MT 59072
– Courtesy copy, Cabot Christianson, Esq., attorney for the trustee
– Larry Compton, trustee
– Cheryl Rapp, Adv. Proc. Mgr.

---

[6] In re Dingley, 514 B.R. 591, 597-600 (9th Cir. BAP 2014) (although the BAP was uncomfortable with the result, it felt bound by Ninth Circuit precedent which preceded the Bankruptcy Act of 1978).