JUDGE HERB ROSS (Recalled)

UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF ALASKA
605 West 4th Avenue, Room 138, Anchorage, AK 99501-2253 — (Website: www.akb.uscourts.gov)
Clerk's Office: 907-271-2655 (1-800-859-8059 In-State) — Judge's Fax: 907-271-2692

| | |
|---|---|
| Case No. F11-00939-HAR | In Chapter 7 |
| In re DONALD A. TANGWALL, | |
| Debtor(s) | |
| DONALD A. TANGWALL, individually, | Adv Proc No F15-90009-HAR |
| Plaintiff(s) | MEMORANDUM REGARDING DENIAL OF MOTION FOR RECONSIDERATION |
| v. | |
| WILLIAM J. EDWARDS; LARRY DJERNES; JOEL MARKING; LANCE LUNDVALL; RON E. SIBLEY; JOHN LAPIERRE, all individually, jointly and severally; UNKNOWN OTHERS, individually, jointly and severally. | |
| Defendant(s) | |

The court will deny the *Motion to Reconsider Dismissal of First Amended Complaint* (ECF No. 29). The court will treat the motion to reconsider as asking the court to reconsider two orders: (a) the *Final Order Dismissing First Amended Complaint with Prejudice* (ECF No. 25); and (b) *Order Denying Ex Parte Motion to Accept Late Filing and Memorandum in Support* (ECF 26).

The motion to reconsider raises two points, claiming that: (a) the late filing of the Seconded Amended Complaint was excusable; and (b) the Second Amended Complaint states a plausible claim. In the order denying the acceptance of the late filing, the court stated that it had reviewed the Second Amended Complaint and found it still did not state a plausible claim. If it had, the court would have excused the late filing.

The total argument for reconsiderartion about the plausibility of the Second Amended Complaint is:

> 2. The second amended complaint set forth the basic requirements for a complaint, asserting facts that, if proven true, would find in favor of Plaintiff against

Page 1 of 4

    Defendants. This Court supposed that because there were questions as to the facts asserted that no plausible cause of action existed, but those facts can only be resolved through the discovery process.[1]

The court disagrees that a plausible claim is stated. The Second Amended Complaint (the SAC) only raises a stay violation that allegedly occurred in late 2011 and the first half of 2012. Plaintiff is seeking sanction under 11 USC §362. Plaintiff alleges in ¶14 of the SAC that;

    14. Plaintiff filed a lawsuit against the defendants in Musselshell County, Montana cause number: DV-11-08, seeking to enforce protection of the name City of Roundup and to prevent its future use by Defendants. The law suit was for a declaratory judgment. It did not seek other compensation, only adherence to a rule of law. No counterclaim was filed in this case.[2]

He never tells us what the status of that declaratory judgment claim is in the Montana court, but skips to the allegation in ¶15 that the Montana judge declared him a vexatious litigant who was required to get pre-approval before filing any new lawsuits or papers in court, which he has said he has complied with.

Paragraph 16 says he was arrested in November 2011 (still pre-bankruptcy) stemming from the Montana case, DV-11-08. He does not say what reason the Montana court gave for its issuance. He alleges he appeared before the Montana judge and was released on $2,000 bail (¶18), but still does not say what the warrant was for.

He filed a chapter 7 bankruptcy in Alaska on December 12, 2011 and immediately served notice on the Montana judge (¶¶21, 22), yet:

    22. On or about December 14th, 2011, Judge Cybulski, in Case No: DV-11-08, held a hearing. At the hearing, Judge Cybulski said Donald Tangwall had filed bankruptcy and all proceedings were stopped. However, defendants, by and through counsel R. Allen Payne, wrongly asserted that the matter was an exception to the stay because it was a criminal case. The judge accepted this argument and reissued a warrant for Plaintiff.

---

[1] ECF No. 29, ¶2.

[2] ECF 21, ¶14.

MEMORANDUM REGARDING DENIAL
OF MOTION FOR RECONSIDERATION                                                         Page 2 of 4

1    Still no statement of what the bench warrant was for. No coherent chronology of *all* the events, no copies or summary of the actual warrant or a motion for its issuance, no copy of the complaint in DV-11-08, or of any order ruling on plaintiff's complaint that he was entitled to use the name of the City of Roundup and the actual city was not. In fact, the Montana court had seven months earlier ruled plaintiff's claim was frivolous, but that fact is outside the scope of this Rule 12(b) dismissal.[3] This lack of specificity is in the face of the fact that this bankruptcy court has previously said in several memoranda, which are incorporated by reference, that this information was critical to stating a plausible case that the automatic stay had been violated.[4]

Instead of simply providing the information to make the complaint plausible, plaintiff responds in his motion for reconsideration: "This Court supposed that because there were questions as to the facts asserted that no plausible cause of action existed, but those facts can only be resolved through the discovery process." This is a discomforting thought: "we can't state the facts now, but we may come up with it in a fishing expedition." This may be an appropriate argument when the information is in ken of the defendants,[5] but is hard to accept when the plaintiff has ready access to it.

---

[3] *See, Order Granting Defendants' Motion for Summary Judgment/Awarding Attorney Fees' and Costs*, entered May 11, 2011 in DV-11-08 in which Judge Cybulski said: "Plaintiffs fail to cite any authority, or to explain, how the City of Roundup's incorporation is lacking. . . . it appears that Plaintiff's believe that a municipal incorporation must follow the same requirements for incorporation as a private corporation, and that Tangwall's registration of an assumed business name, 'City of Roundup,' precludes the City from existing." The judge said there was ample evidence that the municipal incorporation was proper and the city had existed over 100 years (at pages 3-4 of the order). This information is found in Tangwall's mother-in-law's case, In re Margaret A. Bertran chapter 7 case in Alaska, Case No. F12-00501-HAR, at ECF 66, pages 86-92, filed May 20, 2015.

[4] *Order Dismissing Complaint on Court's Own Motion and Memorandum in Support*, ECF No. 8, Sec. 4.2; *Order Dismissing Count III of Amended Complaint Against Compton with Prejudice and Against the Other Defendants With Leave to File a Second Amended Complaint and Memorandum in Support*, ECF 13, Sec. 3; and reiterated in the court's *Memorandum Supporting Final Order Dismissing First Amended Complaint With Prejudice*, ECF No. 23; and *Order Denying Ex Parte Motion to Accept Late Filing and Memorandum in Support*, ECF 25.

[5] In re Carey, 446 B.R. 384, 392 (9th Cir. BAP 2011).

MEMORANDUM REGARDING DENIAL
OF MOTION FOR RECONSIDERATION                                                                Page 3 of 4

DATED: September 4, 2015

                       /s/ Herb Ross
                       HERB ROSS
                       U.S. Bankruptcy Judge

<u>Serve</u> :
– Stonewall Jason Crawford, Esq., attorney for plaintiff
– Courtesy copy to R. Allan Payne, Esq., Doney Crowley, PC, 44 West 6th Avenue, Suite 200, Helena MT 59601, for defendants in Case No. DV-11-08
– Courtesy copy to City of Roundup, PO Box 660, Roundup, MT 59072
– Courtesy copy, Cabot Christianson, Esq., attorney for the trustee
– Larry Compton, trustee
– Cheryl Rapp, Adv. Proc. Mgr.

MEMORANDUM REGARDING DENIAL
OF MOTION FOR RECONSIDERATION                                       Page 4 of 4

DATED: September 4, 2015

/s/ Herb Ross
HERB ROSS
U.S. Bankruptcy Judge

<u>Serve</u> :
– Stonewall Jason Crawford, Esq., attorney for plaintiff
– Courtesy copy to R. Allan Payne, Esq., Doney Crowley, PC, 44 West 6th Avenue, Suite 200, Helena MT 59601, for defendants in Case No. DV-11-08
– Courtesy copy to City of Roundup, PO Box 660, Roundup, MT 59072
– Courtesy copy, Cabot Christianson, Esq., attorney for the trustee
– Larry Compton, trustee
– Cheryl Rapp, Adv. Proc. Mgr.

MEMORANDUM REGARDING DENIAL
OF MOTION FOR RECONSIDERATION                                                              Page 4 of 4